## (June 29, 1970)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE DUPUIS, Appellant.— MEMORANDUM BY THE COURT. Appeal by the defendant from a judgment of the County Court, Clinton County, rendered August 4, 1966 upon a verdict convicting the appellant and two others of the crime of committing a felony murder (Penal Law, § 1044, subd. 2). The appellant and two others, Guy Beaudet and Rene Pilon, were convicted for the murder of a bank employee killed during the March 22, 1965 robbery of a bank at Ellenburg Depot. The relevant facts as to this case are set forth in the prior decisions of this court upon the appeals brought by the appellant's codefendants (People v. Pilon, 30 A D 2d 365; People v. Beaudet, 31 A D 2d 705). Several of the contentions raised by the appellant are governed by the decisions in the Pilon

and *Beaudet* cases (*supra*) and no longer have merit, to wit: that appellant's motion for a separate trial should have been granted; that the trial court should have ruled that Roland Berube was an accomplice as a matter of law; that the length of the trial court's charge and its manner of marshalling the evidence was prejudicial; that the evidence is insufficient to support the conviction; that one attorney represented the codefendants in the pretrial stages of the proceedings; and that the trial court erroneously denied appellant's motion for inspection of the Grand Jury minutes. This appellant's additional contention that the trial court after striking the testimony of one John Beaupre as to the manner and method of his arrest of the appellant and Pilon should have granted appellant's motion for a mistrial is without merit. The trial court directed the jury that the testimony of Beaupre was not to be considered and the argument of the appellant that this testimony by innuendo attacked his character is speculative. Assuming that this testimony was prejudicial to the appellant, it does not appear that it requires a finding that the appellant did not have a fair and impartial trial. The fact that the appellant's counsel more or less allowed the counsel for his codefendant to initially make most of the objections upon the trial does not indicate that the appellant's counsel was ineffective. The appellant's contentions as to an illegal search and seizure are likewise without merit. As a part of his briefs upon this appeal, the appellant includes various written signed statements which would tend to show that a codefendant, Albert Couture, a witness for the People, committed perjury upon the trial. This new matter is not properly before this court upon this appeal. However, we would note that independently of the testimony of Couture and Berube, there was additional and convincing evidence introduced which tended to connect the appellant Dupuis with the commission of the robbery and which corroborates the identification of him by Berube. Judgment affirmed. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by the court.